IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ASHLEY and BRANDON LACOMBE :    CIVIL ACTION No
2615 5th AVENUE :
ALTOONA, PA 16602 :
                                :
     v. :
                                :
TV DIRECT, LLC :
385 5TH AVENUE :
NEW YORK, NEW YORK 10016 :
                                :
     And :
                                :
GABRIEL BROTHERS d/b/a GABE'S :
55 SCOTT AVENUE :
MORGANTOWN, WEST VIRGINIA :
26508 :

**NOTICE OF REMOVAL**

     TV Direct LLC hereby removes this matter from the Court of Common Pleas of Philadelphia County to the United States District Court for the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 1332 and avers in support of the removal as follows:

     1.     Plaintiffs filed this case in the Court of Common Pleas of Philadelphia County on February 25, 2021. See Complaint attached as Exhibit 1.

     2.     The complaint alleged that defendant "Gabriel Brothers" was a Pennsylvania corporation with a principle place of business located at 516 W. Plank Road, Altoona, PA 16602. Id. at ¶ 3.

     3.     In response to the complaint, "Gabriel Brothers" filed preliminary objections on March 30, 2021. See Preliminary Objections attached as Exhibit 2.

     4.     The pleading filed on behalf of "Gabriel Brothers" disclosed that the defendant is "a Western Virginia corporation headquartered at 55 Scott Avenue, Morgantown, WV 26508.

5.      TV Direct LLC is a New York Domestic Limited Liability Company with its principle place of business located at 385 5th Avenue, New York, NY 10016.

6.      Upon information and belief, it is alleged that the two members of TV Direct LLC reside in Hong Kong, China.

7.      The amount in controversy alleged in the complaint is in excess of $271,152.49. See Exhibit 1.

8.      Counsel for "Gabriel Brothers" consents to the removal of this case.

9.      Since this matter involves parties of diverse citizenship, and the amount in controversy exceeds $75,000, this case is properly within the jurisdiction of the United States District Court for the Middle District of Pennsylvania.

10.     Consequently, this case may be properly removed to the identified Federal Court District.

Submitted by:

/s/ John J. Hatzell, Jr.
John J. Hatzell, Jr.
Attorney ID:  38548
Haddix and Associates
Suite 3900, 1650 Market Street
Philadelphia, PA 19103
215 255 6411
John.Hatzell@AIG.com
Attorney for TV Direct, LLC

CERTIFICATE OF SERVICE

The attached Notice of Removal was served via the Electronic Filing Service and via e-mail to:

Joseph L. McGlynn, Esquire
deLUCA LEVINE LLC
Three Valley Square, Suite 220
Blue Bell, PA 19422
P: 215-310-4731
F: 215-383-0082
jmcglynn@delucalevine.com

Nicholas D. Bowers, Esquire
Edward J. Tuite, Esquire
MARSHALL DENNEHEY
2000 market Street, Suite 2600
Philadelphia, PA 19103
P: 215-575-2742
ndbowers@mdwcg.com
ejtuite@mdwcg.com

/s/ John J. Hatzell, Jr.
John J. Hatzell, Jr.
Attorney ID: 38548
Haddix and Associates
Suite 3900, 1650 Market Street
Philadelphia, PA 19103
215 255 6411
John.Hatzell@AIG.com
Attorney for TV Direct, LLC

# EXHIBIT 1

**de LUCA LEVINE LLC**
**BY:  JOSEPH L. MCGLYNN**
**IDENTIFICATION NO.: 201181**
**THREE VALLEY SQUARE, SUITE 220**
**BLUE BELL, PA 19422**
**(215) 383-0081**

**ATTORNEYS FOR PLAINTIFF(S)**

Filed and Attested by the
Office of Judicial Records
25 FEB 2021 03:40 pm
S. RICE

| | |
|---|---|
| **ASHLEY and BRANDON LACOMBE**<br>2616 5th Avenue<br>Altoona, PA 16602<br><br>**Plaintiff(s)**<br><br>**v.**<br><br>**TV DIRECT LLC**<br>385 5th Avenue<br>Suite 809<br>New York, NY 10016<br><br>**And**<br><br>**GABRIEL BROTHERS**<br>516 W. Plank Road<br>Altoona, PA 16602<br><br>**Defendant(s)** | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY, PA**<br><br><br>**CIVIL ACTION NO:** |

## NOTICE TO DEFEND

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

## AVISO

Le han demandado a usted en la corte.  Si used quiere defenderse de estas demandas expuestas en las paginas siquientes, used tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado qui si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTS.   SI NO TIENE

ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO.  VAYA EN
PERSONA O LLAMEPOR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA
ESCRITA ABAJO PARA AVERIGUAR DONDE SE PURDE CONSEQUIR.

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**
**TTY (215) 451-6197**

Case ID: 210202470
Restricted Information

**de LUCA LEVINE LLC**                                          **ATTORNEYS FOR PLAINTIFF(S)**
**BY:  JOSEPH L. MCGLYNN**
**IDENTIFICATION NO.: 201181**
**THREE VALLEY SQUARE, SUITE 220**
**BLUE BELL, PA 19422**
**(215) 383-0081**

| | |
|---|---|
| **ASHLEY and BRANDON LACOMBE**<br>2616 5th Avenue<br>Altoona, PA 16602<br><br>        **Plaintiff(s)**<br><br>       **v.**<br><br>**TV DIRECT LLC**<br>385 5th Avenue<br>Suite 809<br>New York, NY 10016<br><br>**And**<br><br>**GABRIEL BROTHERS**<br>516 W. Plank Road<br>Altoona, PA 16602<br><br>       **Defendant(s)** | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY, PA**<br><br><br>**CIVIL ACTION NO:** |

## COMPLAINT

Plaintiffs, Ashley and Brandon Lacombe, by and through undersigned counsel, de Luca Levine, LLC, hereby demands judgment against Defendants, and complains against them as follows:

## PARTIES

1.      Plaintiffs, Ashley and Brandon Lacombe, (hereinafter "Plaintiffs"), are adult individuals, and owners of the property at 2616 5th Avenue, Altoona, PA 16602 (hereinafter the "subject property").

Case ID: 210202470
Restricted Information

2.      At all times relevant hereto, Defendant, TV Direct LLC (hereinafter "TV Direct") was, upon information and belief, a New York corporation with its primary place of business at the above-captioned address, and was registered and authorized to do business within the Commonwealth of Pennsylvania.  Upon information and belief, TV Direct is in the business of designing, assembling, manufacturing, selling, distributing and/or marketing appliances such as the air fryer (hereinafter "subject air fryer") at issue in this loss.  Upon further information and belief, Defendant, TV Direct undertakes a significant amount of selling, distributing and/or marketing of products such as, *inter alia*, the above-mentioned air fryer within Philadelphia County.

3.      At all times relevant hereto, Defendant, Gabriel Brothers, (hereinafter "Gabriel Brothers ") was, upon information and belief, a Pennsylvania corporation with its principal place of business located at the above-captioned address, and was authorized to do business within the Commonwealth of Pennsylvania.   Upon information and belief, Gabriel Brothers was in the business of designing, assembling, manufacturing, selling, distributing and/or marketing appliances such as the air fryer (hereinafter "subject air fryer") at issue in this loss.

4.      Plaintiff is relying upon the provisions of Pa.R.C.P. 2002(d) for the within action.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over each of the Defendants because each Defendant either has its principal place of business in Pennsylvania, is incorporated in Pennsylvania, or is registered to do business in Pennsylvania, has consented to jurisdiction in Pennsylvania and/or does sufficient business in, or has sufficient minimum

Case ID: 210202470
Restricted Information

contacts with, or otherwise intentionally avails itself of the markets of the Commonwealth of Pennsylvania through its business operations in Pennsylvania.

6.     Venue is properly laid in Philadelphia County pursuant to Pennsylvania Rules of Civil Procedure 1006 and 2179, including because one or more of the Defendants regularly conducts business in Philadelphia and/or may be served there.

## STATEMENT OF FACTS

7.     Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

8.     Prior to April 3, 2019, Plaintiffs were given an air fryer as a gift for use at the subject property.

9.     On or about April 3, 2019, the Plaintiffs used the air fryer.  Shortly thereafter, the subject air fryer failed, resulting in a fire that caused substantial damage at the subject property.

10.    A subsequent investigation conducted after the loss determined the aforesaid damage was caused directly and proximately by a failure of the air fryer resulting in the subject fire.

11.    It was determined that the subject air fryer was dangerous and defective when sold to the Plaintiffs.

12.    Upon information and belief, the air fryer was sold by Defendant Gabriel Brothers and released into the stream of commerce at that time.  Previously, Defendant Gabriel Brothers received the product from Defendant TV Direct.

13.    This air fryer should never have been available for purchase on the open market.

14.     As a direct and proximate result of the aforementioned defects, Plaintiffs

sustained the damages described herein in an amount in excess of $271,152.49.

## COUNT I – PLAINTIFFS v. TV DIRECT LLC
## STRICT LIABILITY

15.     Plaintiffs incorporate herein by reference the above paragraphs as though

same were fully set forth at length.

16.     TV Direct is engaged, and at all times relevant hereto was engaged, in the

business of marketing, distributing, delivering, assembling and/or selling, *inter alia*, air

fryers.

17.     TV Direct marketed, distributed, delivered, assembled and/or sold the

subject air fryer in a defective condition, unreasonably dangerous to foreseeable users

and property owners, including the Lacombes.

18.     TV Direct knew or should have known that the subject air fryer would

reach the Lacombes' property without substantial change from the condition in which it

was sold.

19.     The subject air fryer did reach the Lacombes' property without substantial

change from the condition in which sold.

20.     Ultimately, the air fryer, tested, manufactured, inspected, distributed,

supplied, marketed and sold by TV Direct was defective in design and/or manufacture in

that, when the product left the hands of the designers, manufacturers, distributors and/or

suppliers, it was unreasonably dangerous, more dangerous than a homeowner would

expect.

21.     Plaintiffs utilized the subject air fryer for the purposes and manner

normally intended.

22. The fire and damage to the subject property was caused by and/or resulted from the acts and/or omissions of TV Direct, for which TV Direct is liable to Plaintiffs based upon the theory of strict liability for the following reasons:

a. failing to design or manufacture the air fryer so that it would not fail and/or malfunction in the manner that it did;

b. placing into the stream of commerce a product which was not safe or fit for its intended use;

c. failing to properly identify the hazards associated with air fryers and properly safeguard against same prior to placing air fryers into the steam of commerce;

d. failing to discover the defective and/or unreasonably dangerous condition of the air fryer;

e. failing to properly test the design of the air fryer;

f. designing, manufacturing, distributing and/or placing into the stream of commerce an unreasonably dangerous product that poses an unreasonable risk of fire;

g. failing to provide proper and adequate warnings regarding the hazards associated with the foreseeable and ordinary use of the air fryer;

h. failing to design the air fryer so that foreseeable failures of the air fryer and its components would not present a fire hazard;

i. failing to provide adequate and sufficient warnings and instructions with respect to the air fryer which rendered it defective and unreasonably dangerous; and

j. the subject air fryer is an unreasonably dangerous product, one that is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community of its characteristics.

23. For these reasons, TV Direct is strictly liable to Plaintiffs for its damages under applicable law.

24. As a direct and proximate result of the aforementioned defects, the Lacombes sustained damages to their real and personal property and additional expenses.

**WHEREFORE,** Plaintiffs demand judgment in its favor and against TV Direct – jointly, severally, and/or in the alternative with the other Defendants in this action – in an amount of $271,152.49, plus interest, costs of suit, reasonable attorney fees, delay damages and such other relief as the Court deems appropriate under the circumstances.

**COUNT II – PLAINTIFF v. TV DIRECT LLC**
**<u>NEGLIGENCE</u>**

25.    Plaintiffs incorporate herein by reference the above paragraphs as though same were fully set forth at length.

26.    TV Direct owed a duty of reasonable care to Plaintiffs in regard to the design, manufacture, formulating, testing, inspection, marketing, distribution and sale of air fryers, and breached said duty.

27.    The aforementioned damages were the direct and proximate result of the negligence and carelessness of TV Direct – by and through its employees, agents, technicians, vendors, subcontractors, and/or servants – as is more specifically described below:

        a.    failing to exercise reasonable care in the following manner:

                i.    failing to manufacture, assemble, sell, design, transport, distribute and/or market a properly functioning product;

                ii.    failing to properly inspect, test and/or requalify the product and/or its component parts;

                iii.    failing to properly determine that the product and/or its component parts were not in compliance with applicable standards;

                iv.    failing to provide safe and adequate warnings or instructions with the product; and/or

                v.    designing, manufacturing, marketing, distributing and/or selling the product when TV Direct knew or should have

Case ID: 210202470
Restricted Information

known that the product and/or its component parts would be inadequate for the reasons for which it was purchased.

b.  failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

c.  failing to adequately warn Plaintiffs and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

d.  failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e.  failing to properly monitor the work of all agents and/or employees during the performance of the tasks set forth in subparagraph (a) above to ensure compliance with applicable safety procedures;

f.  failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above;

g.  failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

h.  violating the standards of care and customs applicable to this product.

28.  As a direct and proximate result of the aforementioned defects, the Lacombes sustained damages to their real and personal property and additional expenses.

**WHEREFORE,** Plaintiffs demand judgment in its favor and against TV Direct – jointly, severally, and/or in the alternative with the other Defendants in this action – in an amount of $271,152.49, plus interest, costs of suit, reasonable attorney fees, delay damages and such other relief as the Court deems appropriate under the circumstances.

### COUNT III – PLAINTIFF v. TV DIRECT LLC
### BREACH of WARRANTIES

Case ID: 210202470
Restricted Information

29.     Plaintiffs incorporate herein by reference the above paragraphs as though same were fully set forth at length.

30.     At the time of the sale and/or distribution of the product, TV Direct had reason to know the particular purpose to which the subject air fryer would be used (i.e. residential application) and that it was being relied upon to furnish a suitable product.

31.     In light of the negligence, breaches, failures and harms alleged herein, TV Direct breached the implied warranty of fitness for a particular purpose in that the product was not fit for the particular purpose for which such products are required under normal operation.

32.     In addition, TV Direct breached its implied warranty of merchantability in that the product was not fit for the ordinary uses for which the product was used.

33.     In addition, TV Direct breached any and all express warranties made or relating to the product that became part of the basis of the bargain for sale of the product.

34.     TV Direct has better access to all written forms of said warranties and therefore is not prejudiced by Plaintiffs' inability to attach them hereto.

35.     The Lacombe's damages as set forth above occurred as a direct and proximate result of the breach by TV Direct of its implied and express warranties.

36.     Plaintiffs have met any and all conditions precedent to recovery for such breaches.

37.     As a direct and proximate result of the aforementioned defects, the Lacombes sustained damages to their real and personal property and additional expenses.

**WHEREFORE,** Plaintiffs demand judgment in its favor and against TV Direct – jointly, severally, and/or in the alternative with the other Defendants in this action – in an

Case ID: 210202470
Restricted Information

amount of $271,152.49, plus interest, costs of suit, reasonable attorney fees, delay damages and such other relief as the Court deems appropriate under the circumstances.

## COUNT IV – PLAINTIFFS v. GABRIEL BROTHERS
### STRICT LIABILITY

38.     Plaintiffs incorporate herein by reference the above paragraphs as though same were fully set forth at length.

39.     Gabriel Brothers is engaged, and at all times relevant hereto was engaged, in the business of marketing, distributing, delivering, assembling and/or selling, *inter alia*, air fryers.

40.     Gabriel Brothers marketed, distributed, delivered, assembled and/or sold the subject air fryer in a defective condition, unreasonably dangerous to foreseeable users and property owners, including the Lacombes.

41.     Gabriel Brothers knew or should have known that the subject air fryer would reach the Lacombes' property without substantial change from the condition in which it was sold.

42.     The subject air fryer did reach the Lacombes' property without substantial change from the condition in which sold.

43.     Ultimately, the air fryer, tested, manufactured, inspected, distributed, supplied, marketed and sold by Gabriel Brothers was defective in design and/or manufacture in that, when the product left the hands of the designers, manufacturers, distributors and/or suppliers, it was unreasonably dangerous, more dangerous than a homeowner would expect.

44.     Plaintiffs utilized the subject air fryer for the purposes and manner normally intended.

Case ID: 210202470
Restricted Information

45.     The fire and damage to the subject property was caused by and/or resulted from the acts and/or omissions of Gabriel Brothers, for which Gabriel Brothers is liable to Plaintiffs based upon the theory of strict liability for the following reasons:

    a.    failing to design or manufacture the air fryer so that it would not fail and/or malfunction in the manner that it did;

    b.    placing into the stream of commerce a product which was not safe or fit for its intended use;

    c.    failing to properly identify the hazards associated with air fryers and properly safeguard against same prior to placing air fryers into the steam of commerce;

    d.    failing to discover the defective and/or unreasonably dangerous condition of the air fryer;

    e.    failing to properly test the design of the air fryer;

    f.    designing, manufacturing, distributing and/or placing into the stream of commerce an unreasonably dangerous product that poses an unreasonable risk of fire;

    g.    failing to provide proper and adequate warnings regarding the hazards associated with the foreseeable and ordinary use of the air fryer;

    h.    failing to design the air fryer so that foreseeable failures of the air fryer and its components would not present a fire hazard;

    i.    failing to provide adequate and sufficient warnings and instructions with respect to the air fryer which rendered it defective and unreasonably dangerous; and

    j.    the subject air fryer is an unreasonably dangerous product, one that is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community of its characteristics.

46.     For these reasons, Gabriel  Brothers is strictly liable to Plaintiffs for its damages under applicable law.

47.     As a direct and proximate result of the aforementioned defects, the Lacombes sustained damages to their real and personal property and additional expenses.

**WHEREFORE,** Plaintiffs demand judgment in its favor and against Gabriel Brothers – jointly, severally, and/or in the alternative with the other Defendants in this action – in an amount of $271,152.49, plus interest, costs of suit, reasonable attorney fees, delay damages and such other relief as the Court deems appropriate under the circumstances.

### COUNT V – PLAINTIFF v. GABRIEL BROTHERS
### NEGLIGENCE

48.     Plaintiffs incorporate herein by reference the above paragraphs as though same were fully set forth at length.

49.     Gabriel Brothers owed a duty of reasonable care to Plaintiffs in regard to the design, manufacture, formulating, testing, inspection, marketing, distribution and sale of air fryers, and breached said duty.

50.     The aforementioned damages were the direct and proximate result of the negligence and carelessness of Gabriel Brothers – by and through its employees, agents, technicians, vendors, subcontractors, and/or servants – as is more specifically described below:

    a.     failing to exercise reasonable care in the following manner:

        i.     failing to manufacture, assemble, sell, design, transport, distribute and/or market a properly functioning product;

        ii.     failing to properly inspect, test and/or requalify the product and/or its component parts;

        iii.     failing to properly determine that the product and/or its component parts were not in compliance with applicable standards;

        iv.     failing to provide safe and adequate warnings or instructions with the product; and/or

Case ID: 210202470
Restricted Information

v.    designing, manufacturing, marketing, distributing and/or selling the product when Gabriel Brothers knew or should have known that the product and/or its component parts would be inadequate for the reasons for which it was purchased.

b.    failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

c.    failing to adequately warn Plaintiffs and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

d.    failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e.    failing to properly monitor the work of all agents and/or employees during the performance of the tasks set forth in subparagraph (a) above to ensure compliance with applicable safety procedures;

f.    failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above;

g.    failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

h.    violating the standards of care and customs applicable to this product.

51.    As a direct and proximate result of the aforementioned defects, the Lacombes sustained damages to their real and personal property and additional expenses.

**WHEREFORE,** Plaintiffs demand judgment in its favor and against Gabriel Brothers – jointly, severally, and/or in the alternative with the other Defendants in this action – in an amount of $271,152.49, plus interest, costs of suit, reasonable attorney fees, delay damages and such other relief as the Court deems appropriate under the circumstances.

Case ID: 210202470
Restricted Information

## COUNT VI – PLAINTIFF v. GABRIEL BROTHERS
### BREACH of WARRANTIES

52.     Plaintiffs incorporate herein by reference the above paragraphs as though same were fully set forth at length.

53.     At the time of the sale and/or distribution of the product, Gabriel Brothers had reason to know the particular purpose to which the subject air fryer would be used (i.e. residential application) and that it was being relied upon to furnish a suitable product.

54.     In light of the negligence, breaches, failures and harms alleged herein, Gabriel Brothers breached the implied warranty of fitness for a particular purpose in that the product was not fit for the particular purpose for which such products are required under normal operation.

55.     In addition, Gabriel Brothers breached its implied warranty of merchantability in that the product was not fit for the ordinary uses for which the product was used.

56.     In addition, Gabriel Brothers breached any and all express warranties made or relating to the product that became part of the basis of the bargain for sale of the product.

57.     Gabriel Brothers has better access to all written forms of said warranties and therefore is not prejudiced by Plaintiffs' inability to attach them hereto.

58.     The Lacombe's damages as set forth above occurred as a direct and proximate result of the breach by Gabriel Brothers of its implied and express warranties.

59.     Plaintiffs have met any and all conditions precedent to recovery for such breaches.

Case ID: 210202470
Restricted Information

60.     As a direct and proximate result of the aforementioned defects, the Lacombes sustained damages to their real and personal property and additional expenses.

**WHEREFORE,** Plaintiffs demand judgment in its favor and against Gabriel Brothers – jointly, severally, and/or in the alternative with the other Defendants in this action – in an amount of $271,152.49, plus interest, costs of suit, reasonable attorney fees, delay damages and such other relief as the Court deems appropriate under the circumstances.

**de LUCA LEVINE LLC**

**BY:**     /s/Joseph L. McGlynn
Joseph L. McGlynn, Esquire
PA Atty. I.D. No. 201181
jmclynn@delucalevine.com
Three Valley Square, Suite 220
Blue Bell, PA 19422
(215) 383-0081 / (215) 383-0082 (fax)
ATTORNEYS FOR PLAINTIFF

**Dated:** February 15, 2021

**VERIFICATION**

I, Jeanette Burns, under the penalties of perjury, state that I am a representative of Allstate Vehicle and Property Insurance Company; that I am authorized to make this verification on behalf of Allstate, that I have read the Complaint; that I do not have, and am informed that no single officer or agent of Allstate has personal knowledge of all matters set forth in the Complaint; that the Complaint was prepared by counsel from information provided by myself and certain employees from Allstate who were designated to assemble such material and are based on their personal knowledge or that of other persons who were consulted and on examination of records maintained by Allstate during the regular course of business; and that upon information and belief the Complaint is true and correct to the best of my knowledge after due inquiry.

*Jeanette Burns*

Signed under penalty of perjury this   25th   day of     February, 2021.

EXHIBIT 2

ASHLEY and BRANDON LACOMBE                    :
                                              :
                              Plaintiffs,     :     COURT OF COMMON PLEAS
                                              :     PHILADELPHIA COUNTY
                    vs.                       :
                                              :     FEBRUARY TERM, 2021
TV DIRECT, LLC; and,                          :
                                              :     NO. 02470
GABRIEL BROTHERS                              :
                                              :
                              Defendants      :

---

## ORDER

    **AND NOW,** this _____ day of _____, 2021, upon consideration of the

Preliminary Objections of Defendant, Gabriel Brothers, Inc. d/b/a GABE'S (improperly

designated in Plaintiff's Complaint as "Gabriel Brothers"), to Plaintiff's Complaint, and any

response thereto,

    It is hereby **ORDERED** and **DECREED** that the Preliminary Objections of Moving

Defendant are **SUSTAINED** and the above-captioned case is hereby **DISMISSED WITH**

**PREJUDICE**.

                             **BY THE COURT:**

                             _____

*Filed and Attested by the Office of Judicial Records 30 MAR 2021 10:33 am C. IMPERATO*

| | | |
|---|---|---|
| ASHLEY and BRANDON LACOMBE | : | |
| | : | |
| Plaintiffs, | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| vs. | : | |
| | : | FEBRUARY TERM, 2021 |
| TV DIRECT, LLC; and, | : | |
| | : | NO. 02470 |
| GABRIEL BROTHERS | : | |
| | : | |
| Defendants | : | |

### ALTERNATE ORDER

**AND NOW,** this _____ day of _____, 2021, upon consideration of the Preliminary Objections of Defendant, Gabriel Brothers, Inc. d/b/a GABE'S (improperly designated in Plaintiff's Complaint as "Gabriel Brothers"), to Plaintiff's Complaint, and any response thereto,

It is hereby **ORDERED** and **DECREED** that the Preliminary Objections of Moving Defendant are **SUSTAINED** and the above-captioned case is hereby **DISMISSED AND TRANSFERRED** from the Court of Common Pleas of Philadelphia County to the Court of Common Pleas of Blair County, PA.

**BY THE COURT:**

_____

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
By:    EDWARD J. TUITE, ESQUIRE
         NICHOLAS D. BOWERS, ESQUIRE
Identification Nos.: 34631/315198
(610) 354-8483/(215) 575-2742
2000 Market Street – 23rd Floor
Philadelphia, PA  19103
ejtuite@mdwcg.com
ndbowers@mdwcg.com

| | | |
|---|---|---|
| ASHLEY and BRANDON LACOMBE | : | |
| | : | |
| Plaintiffs, | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| vs. | : | |
| | : | FEBRUARY TERM, 2021 |
| TV DIRECT, LLC; and, | : | |
| | : | NO. 02470 |
| GABRIEL BROTHERS | : | |
| | : | |
| Defendants | : | |

## PRELIMINARY OBJECTIONS BY DEFENDANT, GABRIEL BROTHERS, INC. D/B/A GABE'S (IMPROPERLY DESIGNATED AS GABRIEL BROTHERS), TO PLAINTIFF'S COMPLAINT

Defendant, Gabriel Brothers, Inc. d/b/a GABE'S, improperly designated in the Complaint as Gabriel Brothers (hereinafter "Gabriel Brothers"), by and through its undersigned counsel, Marshall Dennehey Warner Coleman and Goggin, hereby submits the following Preliminary Objections to Plaintiff's Complaint, pursuant to Pa.R.C.P. 1028, and in support thereof, avers the following:

1.       Plaintiffs, Ashley and Brandon Lacombe, filed their Complaint against Defendants, TV Direct, LLC and Gabriel Brothers, on or about February 25, 2021.   See Plaintiffs' Complaint, attached hereto as Exhibit "A."

2.       Notably, neither Ashley nor Brandon Lacombe verified the Complaint.   See Exhibit "A."

Case ID: 210202470
Control No.: 21034026

3.      Rather, the Complaint was filed along with the verification of a Ms. Jeanette Burns, an apparent employee of Allstate Insurance Company, which is not a party to this litigation.  See Exhibit "A."

4.      Per the Complaint, Plaintiffs, Ashley and Brandon Lacombe, are residents of Blair County, PA, residing at 2616 5th Avenue, Altoona, PA 16602.

5.      Per the Complaint, Defendant, TV Direct, LLC, is a New York Limited Liability Company, with its corporate headquarters located at 385 5th Avenue, Suite 809, New York, NY 10016.

6.      Defendant, Gabriel Brothers, Inc. d/b/a GABE'S (hereinafter "Gabriel Brothers") is a West Virginia corporation, headquartered at 55 Scott Avenue, Morgantown, WV 26508.

7.      Plaintiffs have alleged in their Complaint that certain real and/or personal property, located in Blair County, PA at 2616 5Th Avenue, Altoona, PA 16602, was damaged and/or destroyed on or about April 3, 2019 as a result of a fire which Plaintiffs allege was caused by an air fryer manufacture red by Defendant, TV Direct, LLC, and allegedly sold by Defendant, Gabriel Brothers.

8.      Plaintiffs allege that the air fryer was sold by the Gabriel Brothers store located in Blair County, PA at 516 W. Plank Road, Altoona 16602.  See Exhibit "A" at ¶ 12.

9.      Gabriel Brothers, Inc. is a privately held retailer headquartered in Morgantown, West Virginia.  See Affidavit of Ryan N. Armstrong, Esq., Corporate Counsel at Gabriel Brothers, attached hereto as Exhibit "C."

10.     Gabriel Brothers does not manufacture or build its own products.  See Exhibit "C."

11.     Gabriel Brothers' principal place of business is located at 55 Scott Avenue, Morgantown, WV 26508.  <u>See</u> Exhibit "C."

12.     Gabriel Brothers has 113 retail store locations, none of which are located within Philadelphia, Pennsylvania.  <u>See</u> Exhibit "C."

13.     Gabriel Brothers has not owned any real property located in Philadelphia, Pennsylvania during the five year time period preceding the date of these Preliminary Objections through the present.  <u>See</u> Exhibit "C."

14.     Gabriel Brothers has not rented, leased nor otherwise occupied real property in Philadelphia, Pennsylvania during the five year time period preceding the date of these Preliminary Objections through the present.  <u>See</u> Exhibit "C."

15.     During the five year time period preceding these Preliminary Objections through the present, Gabriel Brothers has not maintained a telephone number, drop box nor mailing address in Philadelphia County.  See Exhibit "C."

16.     During the five year time period preceding the date of these Preliminary Objections through the present, Gabriel Brothers made no in-store sales in Philadelphia County. <u>See</u> Exhibit "C."

17.     During the five year time period preceding the date of these Preliminary Objections through the present, employees of Gabriel Brothers did not travel into Philadelphia County for purposes of selling or providing products or services to customer(s) domiciled in Philadelphia County.  <u>See</u> Exhibit "C."

18.     Gabriel Brothers has not "regularly conducted business" in Philadelphia County during the five year time period preceding the date of this Affidavit through the present.  <u>See</u> Exhibit "C."

19.     On information and belief, Co-Defendant, TV Direct, LLC, does not regularly conduct business in Philadelphia County and cannot be served in Philadelphia County.

20.     Pa.R.C.P. 1019(a) requires a party to formulate the issues in a complaint by summarizing the facts essential to support the claim.

21.     Pa.R.C.P. 1028 (a)(1) states that Preliminary Objections may be filed for "…improper venue...."

22.     Pa.R.C.P. 1028 (a)(4) states that Preliminary Objections may be filed for "legal insufficiency of a pleading (demurrer)."

23.     Defendant, Gabriel Brothers, now timely file these preliminary objections.

## I.     PRELIMINARY OBJECTION PURSUANT TO PA.R.C.P. 1028(a)(4): MOTION TO DISMISS

24.     Defendant, Gabriel Brothers, incorporates and reasserts the averments of paragraphs 1 through 23 of these Preliminary Objections as though the same were set forth herein at length.

25.     Pennsylvania Rule of Civil Procedure 1024 requires that one or more of the parties filing a pleading verify the facts set forth within the pleading.

26.     Pennsylvania Rule of Civil Procedure 1024(c) provides, in pertinent part, that:

The verification shall be made by one or more of the parties filing the pleading unless all of the parties (1) lack sufficient knowledge or information; or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing a pleading.  In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the person's information as to matters not stated upon his or her own knowledge and the reason why the verification is not made by a party.

27.     In the present matter, the Plaintiffs, per the Complaint, are Ashley and Bandon Lacombe.

28.     Notably, however, the factual averments in the Complaint are not verified by Ashley and/or Brandon Lacombe.  See Exhibit "A."

29.     Rather, Plaintiffs have filed the Complaint along with the verification of "Jeanette Burns," who is identified in the submitted verification as a representative of Allstate Vehicle and Property Insurance Company (hereinafter "Allstate").  See Exhibit "A."

30.     Neither Jeanette Burns nor Allstate are parties to this litigation.  Moreover, Plaintiffs have provided no explanation as to why the Complaint cannot be verified by the actual party(ies) to the litigation.

31.     Accordingly, Plaintiffs' Complaint fails to comply with Pa.R.C.P. 1024 and is therefore legally insufficient and thus should be dismissed pursuant to Pa.R.C.P. 1028(a)(4).

**WHEREFORE**, Defendant, Gabriel Brothers, Inc. d/b/a GABE'S ("Gabriel Brothers" herein), respectfully request that this Honorable Court sustain its Preliminary Objections and enter the attached Proposed Order, dismissing Plaintiffs' Complaint.

## II.     PRELIMINARY OBJECTION PURSUANT TO PA.R.C.P. 1028(a)(1) and 1028(a)(4):  MOTION TO DISMISS DUE TO IMPROPER VENUE

32.     Defendant, Gabriel Brothers, incorporates and reasserts the averments of paragraphs 1 through 31 of these Preliminary Objections as though the same were set forth herein at length.

33.     A plaintiff's choice of forum is to be given weight, and the burden is on the party challenging the choice to show it was improper; however, a plaintiff's choice of venue is not absolute or unassailable.  If there exists any proper basis for the trial court's decision to grant a petition to transfer venue, the decision must stand.  Forrester v. Hanson, 901 A.2d 548, 552 (Pa. Super. 2006) (citation omitted).

34.     Pursuant to 1006(b), "[a]ctions against the following defendants, except as otherwise provided in subdivision (c), may be brought in and only in the counties designated by the following rules: political subdivisions, Rule 2103; partnerships, Rule 2130; unincorporated associations, Rule 2156; corporations and similar entities, Rule 2179."

35.     Pennsylvania Rule of Civil Procedure 2179 states that:

> (a)  Except as otherwise provided by an Act of Assembly, by Rule 1006(a.1) or by subdivision (b) of this rule, a personal action against a corporation or a similar entity may be brought in and only in:
>
> (1)   the county where its registered office or principal place of business is located;
>
> (2)   a county where it regularly conducts business;
>
> (3)   the county where the cause of action arose;
>
> (4)   a county where a transaction or occurrence took place out of which the cause of action arose, or
>
> (5)   a county where the property or part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.
>
> Pa.R.C.P. 2179(a).

36.     In the present matter, it is undisputed that none of the Defendants have a registered office or principal place of business in Philadelphia County and thus 2179(a)(1) does not confer venue upon Philadelphia County.  See e.g., Exhibit "A," Plaintiffs' Complaint and Exhibit "C," Affidavit of Ryan N. Armstrong.  Further, the alleged sale of the air fryer as well as the alleged fire and property damage, all occurred Blair County and thus 2179(a)(3), (4) and (5) also clearly do not establish venue in Philadelphia County.  See e.g., Exhibit "A," Plaintiffs' Complaint and Exhibit "C," Affidavit of Ryan N. Armstrong.

37.     Accordingly, it is apparent that Plaintiffs are seeking to rely upon 2179(a)(2) as no facts have been plead which, if proven, would confer venue under 2179(a)(1), (3), (4) and/or (5).     Importantly, however, none of the Defendants "regularly conducted business" in Philadelphia during any relevant time period and thus Plaintiffs' reliance upon 2179(a)(2) is misplaced.

38.     In order to be deemed as "regularly conducting business" in a particular county, a business entity must perform acts in a county of sufficient quality and quantity before venue will be established.  See Zampana-Barry v. Donoghue, 921 A.2d 500, 503 (Pa. Super. 2007) *appeal denied*, 940 A.2d 366 (Pa 2007) (citing Purcell v. Bryn Mawr Hosp., 579 A.2d 1282 (Pa. 1990)). Quality of acts will be found if an entity performs acts in a county that directly further or are essential to the entity's business objective.  Zampana-Barry, 921 A.2d at 503.  Incidental acts, including advertising, solicitation of business, education programs, hiring personnel, and purchase of supplies, which "aid a main purpose are collateral" and not deemed necessary to an entity's existence.  Id. at 503-04.  Quantity of acts means those that are sufficiently continuous so as to be considered habitual.  Id. at 504.  Each case must be based upon its own individual facts. Id.

39.     Courts of this Commonwealth have repeatedly held that for the purposes of venue by way of Pa.R.C.P. 2179(a)(2), the "defendant must have had physical presence in the county…."  Levey v. Cogen Sklar L.L.P., 2002 Phila. Ct. Com. Pl. LEXIS 86, at *5 (Apr. 11, 2002) (citations omitted) (emphasis added); Gale v. Mercy Catholic Med. Ctr. Eastwick, Inc., 698 A.2d 647, 652 (Pa. Super. Ct. 1997); Canter v. Am. Honda Motor Corp., 231 A.2d 140, 143 (Pa. 1967).  "[W]here the defendant never entered the county in furtherance of the corporate objective, the mere fact that the defendant conducted some of its business with county residents

Case ID: 210202470
Control No.: 21034026

[is] not sufficient to confer venue." <u>Feltoon v. Nolen</u>, 2002 Phila. Ct. Com. Pl. LEXIS 60, at *10 (Nov. 1, 2002); <u>Masel v. Glassman</u>, 689 A.2d 314, 318-19 (Pa. Super. Ct. 1997) (holding that venue was improper in Philadelphia County when physician services company received 20% of gross revenues from Philadelphia third party payers and 3% from Philadelphia residents, but conducted no operations in Philadelphia).

40.     In the present matter, Defendant, Gabriel Brothers, did not regularly conduct(ed) business in Philadelphia County at any relevant time.

41.     Specifically, Gabriel Brothers is a retailer whose business includes 113 retail stores.  None of these stores are located within Philadelphia County.

42.     Gabriel Brothers does not manufacture its own products and thus there are no authorized Gabriel Brothers dealers located within Philadelphia County.

43.     Gabriel Brothers employees do not travel into Philadelphia County for business purposes.

44.     Gabriel Brothers has no physical presence within Philadelphia County.

45.     On information and belief, Co-Defendant, TV Direct, LLC, does not regularly conduct business in Philadelphia County.

46.     In accord with the foregoing, Plaintiff cannot establish venue in Philadelphia County pursuant to Pa.R.C.P. 2179(a)(1), (2), (3), (4) or (5).

47.     Moreover, it is respectfully suggested that it is clear that Blair County is the appropriate venue for this litigation as this is the county where the alleged defective product was allegedly sold; it is also the county of residence of Plaintiffs and, importantly, the county where the alleged property damage took place.

Case ID: 210202470
Control No.: 21034026

48.     Accordingly, it is respectfully submitted that this case should be dismissed and transferred to the Blair County Court of Common Pleas.

**WHEREFORE**, Defendant, Gabriel Brothers, Inc. d/b/a GABE'S ("Gabriel Brothers" herein), respectfully request that this Honorable Court sustain its Preliminary Objections and enter the attached Alternate Proposed Order, transferring this action to Blair County, PA.


MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

*/s/ Nicholas D. Bowers*
BY: _____
EDWARD J. TUITE, ESQUIRE
NICHOLAS D. BOWERS, ESQUIRE
*Attorneys for Defendant, Gabriel Brothers,*
*Inc. d/b/a GABE'S (Improperly Designed as*
*"Gabriel Brothers")*

Dated: 3/30/2021

**MARSHALL DENNEHEY WARNER**
      **COLEMAN & GOGGIN**
By:    EDWARD J. TUITE, ESQUIRE
       NICHOLAS D. BOWERS, ESQUIRE
Identification Nos.: 34631/315198
(610) 354-8483/(215) 575-2742
2000 Market Street – 23rd Floor
Philadelphia, PA  19103
ejtuite@mdwcg.com
ndbowers@mdwcg.com

| | | |
|---|---|---|
| ASHLEY and BRANDON LACOMBE | : | |
| | : | |
| Plaintiffs, | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| vs. | : | |
| | : | FEBRUARY TERM, 2021 |
| TV DIRECT, LLC; and, | : | |
| | : | NO. 02470 |
| GABRIEL BROTHERS | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY OBJECTIONS BY DEFENDANT, GABRIEL BROTHERS, INC. D/B/A GABE'S (IMPROPERLY DESIGNATED AS GABRIEL BROTHERS), TO PLAINTIFF'S COMPLAINT**

**I.    MATTER BEFORE THE COURT**

    The matter before the Court is the Preliminary Objections of Defendant, Gabriel Brothers, Inc. d/b/a GABES'S, improperly designated as "Gabriel Brothers" (hereinafter "Gabriel Brothers") to Plaintiff's Amended Complaint.

**II.    STATEMENT OF QUESTIONS INVOLVED**

    (1).    Should this Honorable Court sustain Defendant, Gabriel Brothers', Preliminary Objections and dismiss Plaintiffs' Complaint pursuant to Pa.R.C.P. 1028 (a)(4) since it is legally insufficient as a matter of law insofar as it is not verified by a party?

    **Suggested Answer:  Yes.**

(2).     Should this Honorable Court sustain Defendant, Gabriel Brothers',
Preliminary Objections to venue pursuant to Pa.R.C.P. 1028(a)(1) and transfer this action
to Blair County, PA because Plaintiff cannot establish venue in Philadelphia County
pursuant to Pa.R.C.P. 2179?

**Suggested Answer:  Yes.**

### III.     FACTUAL BACKGROUND

Plaintiffs, Ashley and Brandon Lacombe, filed their Complaint against
Defendants, TV Direct, LLC and Gabriel Brothers, on or about February 25, 2021.  See
Plaintiffs' Complaint, attached hereto as Exhibit "A."   Notably, neither Ashley nor
Brandon Lacombe verified the Complaint.  See Exhibit "A."  Rather, the Complaint was
filed along with the verification of a Ms. Jeanette Burns, an apparent employee of
Allstate Insurance Company, which is not a party to this litigation.  See Exhibit "A."

Per the Complaint, Plaintiffs, Ashley and Brandon Lacombe, are residents of Blair
County, PA, residing at 2616 5th Avenue, Altoona, PA 16602.  Per the Complaint,
Defendant, TV Direct, LLC, is a New York Limited Liability Company, with its
corporate headquarters located at 385 5th Avenue, Suite 809, New York, NY 10016.
Defendant, Gabriel Brothers, Inc. d/b/a GABE'S (hereinafter "Gabriel Brothers") is a
West Virginia corporation, headquartered at 55 Scott Avenue, Morgantown, WV 26508.

Plaintiffs have alleged in their Complaint that certain real and/or personal
property, located in Blair County, PA at 2616 5Th Avenue, Altoona, PA 16602, was
damaged and/or destroyed on or about April 3, 2019 as a result of a fire which Plaintiffs
allege was caused by an air fryer manufacture red by Defendant, TV Direct, LLC, and
allegedly sold by Defendant, Gabriel Brothers.  Plaintiffs allege that the air fryer was sold

Case ID: 210202470
Control No.: 21034026

by the Gabriel Brothers store located in Blair County, PA at 516 W. Plank Road, Altoona 16602.  <u>See</u> Exhibit "A" at ¶ 12.

Gabriel Brothers, Inc. is a privately held retailer headquartered in Morgantown, West Virginia.  <u>See</u> Affidavit of Ryan N. Armstrong, Esq., Corporate Counsel at Gabriel Brothers, attached hereto as Exhibit "C."  Gabriel Brothers does not manufacture or build its own products.  <u>See</u> Exhibit "C."  Gabriel Brothers' principal place of business is located at 55 Scott Avenue, Morgantown, WV 26508.  <u>See</u> Exhibit "C." Gabriel Brothers has 113 retail store locations, none of which are located within Philadelphia, Pennsylvania.  <u>See</u> Exhibit "C."  Gabriel Brothers has not owned any real property located in Philadelphia, Pennsylvania during the five year time period preceding the date of these Preliminary Objections through the present.  <u>See</u> Exhibit "C."  Gabriel Brothers has not rented, leased nor otherwise occupied real property in Philadelphia, Pennsylvania during the five year time period preceding the date of these Preliminary Objections through the present.  <u>See</u> Exhibit "C."

During the five year time period preceding these Preliminary Objections through the present, Gabriel Brothers has not maintained a telephone number, drop box nor mailing address in Philadelphia County.  <u>See</u> Exhibit "C."  During the five year time period preceding the date of these Preliminary Objections through the present, Gabriel Brothers made no in-store sales in Philadelphia County. <u>See</u> Exhibit "C."  During the five year time period preceding the date of these Preliminary Objections through the present, employees of Gabriel Brothers did not travel into Philadelphia County for purposes of selling or providing products or services to customer(s) domiciled in Philadelphia County.  <u>See</u> Exhibit "C."  Gabriel Brothers has not "regularly conducted business" in

Case ID: 210202470
Control No.: 21034026

Philadelphia County during the five year time period preceding the date of this Affidavit through the present.  See Exhibit "C."

On information and belief, Co-Defendant, TV Direct, LLC, does not regularly conduct business in Philadelphia County and cannot be served in Philadelphia County.

## IV.   LEGAL ARGUMENT

### A.   Plaintiffs Complaint is not verified by a party in abrogation of Rule 1024 and therefore is legally insufficient and subject to dismissal per Rule 1028(a)(4)

Pennsylvania Rule of Civil Procedure 1024 requires that one or more of the parties filing a pleading verify the facts set forth within the pleading.  Pennsylvania Rule of Civil Procedure 1024(c) provides, in pertinent part, that:

> The verification shall be made by one or more of the parties filing the pleading unless all of the parties (1) lack sufficient knowledge or information; or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing a pleading.  In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the person's information as to matters not stated upon his or her own knowledge and the reason why the verification is not made by a party.

In the present matter, the Plaintiffs, per the Complaint, are Ashley and Bandon Lacombe.

Notably, however, the factual averments in the Complaint are not verified by Ashley and/or Brandon Lacombe.  See Exhibit "A."  Rather, Plaintiffs have filed the Complaint along with the verification of "Jeanette Burns," who is identified in the submitted verification as a representative of Allstate Vehicle and Property Insurance Company (hereinafter "Allstate").  See Exhibit "A."  Neither Jeanette Burns nor Allstate are parties to this litigation.  Moreover, Plaintiffs have provided no explanation as to why the

Case ID: 210202470
Control No.: 21034026

Complaint cannot be verified by the actual party(ies) to the litigation.  Accordingly, Plaintiffs' Complaint fails to comply with Pa.R.C.P. 1024 and is therefore legally insufficient and thus should be dismissed pursuant to Pa.R.C.P. 1028(a)(4).

**B.     Plaintiffs cannot establish venue in Philadelphia County under Pa.R.C.P. 2179(a)(1)-(5) and therefore transfer to Blair County is appropriate per Pa.R.C.P. 1028(a)(1)**

A plaintiff's choice of forum is to be given weight, and the burden is on the party challenging the choice to show it was improper; however, a plaintiff's choice of venue is not absolute or unassailable.  If there exists any proper basis for the trial court's decision to grant a petition to transfer venue, the decision must stand.  <u>Forrester v. Hanson</u>, 901 A.2d 548, 552 (Pa. Super. 2006) (citation omitted).  Pursuant to  1006(b), "[a]ctions against the following defendants, except as otherwise provided in subdivision (c), may be brought in and only in the counties designated by the following rules: political subdivisions, Rule 2103; partnerships, Rule 2130; unincorporated associations, Rule 2156; corporations and similar entities, Rule 2179."  Pennsylvania Rule of Civil Procedure 2179 states that:

> (a)  Except as otherwise provided by an Act of Assembly, by Rule 1006(a.1) or by subdivision (b) of this rule, a personal action against a corporation or a similar entity may be brought in and only in:
>
> > (1)   the county where its registered office or principal place of business is located;
> >
> > (2)   a county where it regularly conducts business;
> >
> > (3)   the county where the cause of action arose;
> >
> > (4)    a county where a transaction or occurrence took place out     of which the cause of action arose, or
> >
> > (5)   a county where the property or part of the property which is the subject matter of the action

is located provided that equitable relief is sought
with respect to the property.

Pa.R.C.P. 2179(a).

In the present matter, it is undisputed that none of the Defendants have a
registered office or principal place of business in Philadelphia County and thus
2179(a)(1) does not confer venue upon Philadelphia County.  See e.g., Exhibit "A,"
Plaintiffs' Complaint and Exhibit "C," Affidavit of Ryan N. Armstrong.  Further, the
alleged sale of the air fryer as well as the alleged fire and property damage, all occurred
Blair County and thus 2179(a)(3), (4) and (5) also clearly do not establish venue in
Philadelphia County.   See e.g., Exhibit "A," Plaintiffs' Complaint and Exhibit "C,"
Affidavit of Ryan N. Armstrong.  Accordingly, it is apparent that Plaintiffs are seeking to
rely upon 2179(a)(2) as no facts have been plead which, if proven, would confer venue
under 2179(a)(1), (3), (4) and/or (5).   Importantly, however, none of the Defendants
"regularly conducted business" in Philadelphia during any relevant time period and thus
Plaintiffs' reliance upon 2179(a)(2) is misplaced.

In order to be deemed as "regularly conducting business" in a particular county, a
business entity must perform acts in a county of sufficient quality and quantity before
venue will be established.   See Zampana-Barry v. Donoghue, 921 A.2d 500, 503 (Pa.
Super. 2007) appeal denied,  940 A.2d 366 (Pa 2007) (citing Purcell v. Bryn Mawr
Hosp., 579 A.2d 1282 (Pa. 1990)). Quality of acts will be found if an entity performs acts
in a county that directly further or are essential to the entity's business objective.
Zampana-Barry, 921 A.2d at 503.  Incidental acts, including advertising, solicitation of
business, education programs, hiring personnel, and purchase of supplies, which "aid a
main purpose are collateral" and not deemed necessary to an entity's existence.  Id. at

503-04.   Quantity of acts means those that are sufficiently continuous so as to be considered habitual.  Id. at 504.  Each case must be based upon its own individual facts. Id.

Courts of this Commonwealth have repeatedly held that for the purposes of venue by way of Pa.R.C.P. 2179(a)(2), the "defendant must have had physical presence in the county…."  Levey v. Cogen Sklar L.L.P., 2002 Phila. Ct. Com. Pl. LEXIS 86, at *5 (Apr. 11, 2002) (citations omitted) (emphasis added); Gale v. Mercy Catholic Med. Ctr. Eastwick, Inc., 698 A.2d 647, 652 (Pa. Super. Ct. 1997); Canter v. Am. Honda Motor Corp., 231 A.2d 140, 143 (Pa. 1967).  "[W]here the defendant never entered the county in furtherance of the corporate objective, the mere fact that the defendant conducted some of its business with county residents [is] not sufficient to confer venue." Feltoon v. Nolen, 2002 Phila. Ct. Com. Pl. LEXIS 60, at *10 (Nov. 1, 2002); Masel v. Glassman, 689 A.2d 314, 318-19 (Pa. Super. Ct. 1997) (holding that venue was improper in Philadelphia County when physician services company received 20% of gross revenues from Philadelphia third party payers and 3% from Philadelphia residents, but conducted no operations in Philadelphia).

Here, Defendant, Gabriel Brothers, did not regularly conduct(ed) business in Philadelphia County at any relevant time.  Specifically, Gabriel Brothers is a retailer whose business includes 113 retail stores.  None of these stores are located within Philadelphia County.  Gabriel Brothers does not manufacture its own products and thus there are no authorized Gabriel Brothers dealers located within Philadelphia County. Gabriel Brothers employees do not travel into Philadelphia County for business purposes. Gabriel Brothers has no physical presence within Philadelphia County.  On information

Case ID: 210202470
Control No.: 21034026

and belief, Co-Defendant, TV Direct, LLC, does not regularly conduct business in Philadelphia County.  In accord with the foregoing, Plaintiff cannot establish venue in Philadelphia County pursuant to Pa.R.C.P. 2179(a)(1), (2), (3), (4) or (5).

Moreover, it is respectfully suggested that it is clear that Blair County is the appropriate venue for this litigation as this is the county where the alleged defective product was allegedly sold; it is also the county of residence of Plaintiffs and, importantly, the county where the alleged property damage took place.  Accordingly, it is respectfully submitted that this case should be dismissed and transferred to the Blair County Court of Common Pleas.

## V.   <u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully request that this Honorable Court sustain these Preliminary Objections and enter the attached proposed Order or Alternate Order.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

*/s/ Nicholas D. Bowers*
BY: _____
EDWARD J. TUITE, ESQUIRE
NICHOLAS D. BOWERS, ESQUIRE
*Attorneys for Defendant, Gabriel Brothers,
Inc. d/b/a GABE'S (Improperly Designed as
"Gabriel Brothers")*

Dated: 3/30/2021

Case ID: 210202470
Control No.: 21034026

## **CERTIFICATE OF SERVICE**

I, Nicholas D. Bowers , Esquire, hereby certify that on this date, I served the within Defendants' Preliminary Objections to Plaintiff's Complaint via e-filing notification, upon the following:

Joseph L. McGlynn, Esquire
De Luca Levine, LLC
Three Valley Square, Suite 220
Blue Bell, PA 19422
(*Counsel for Plaintiff*)

John J. Hatzell, Jr.
Haddix and Associates
One Liberty Place
1650 Market Street, 39th Floor
Philadelphia, PA 19103
(*Counsel for Co-Defendant, TV Direct, LLC*)

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

*/s/ Nicholas D. Bowers*
BY: _____
EDWARD J. TUITE, ESQUIRE
NICHOLAS D. BOWERS, ESQUIRE
*Attorneys for Defendant, Gabriel Brothers,*
*Inc. d/b/a GABE'S (Improperly Designed as*
*"Gabriel Brothers")*

Dated: 3/30/2021

# EXHIBIT "A"

Filed and Attested by the
Office of Judicial Records
30 MAR 2021 10:33 am
G. IMPERATO

de LUCA LEVINE LLC
BY: JOSEPH L. MCGLYNN
IDENTIFICATION NO.: 201181
THREE VALLEY SQUARE, SUITE 220
BLUE BELL, PA 19422
(215) 383-0081

ATTORNEYS FOR PL~~and selected~~ by the
Office of Judicial Records
25 FEB 2021 09:40 pm

| | |
|---|---|
| **ASHLEY and BRANDON LACOMBE**<br>2616 5th Avenue<br>Altoona, PA 16602<br><br>Plaintiff(s)<br><br>v.<br><br>**TV DIRECT LLC**<br>385 5th Avenue<br>Suite 809<br>New York, NY 10016<br><br>**And**<br><br>**GABRIEL BROTHERS**<br>516 W. Plank Road<br>Altoona, PA 16602<br><br>Defendant(s) | **COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA**<br><br>**CIVIL ACTION NO:** |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

## AVISO

Le han demandado a usted en la corte. Si used quiere defenderse de estas demandas expuestas en las paginas siguientes, used tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objectiones a las demandas en contra de su persona. Sea avisado qui si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTS. SI NO TIENE

Case ID: 210202470
Restricted Information

Case ID: 210202470
Control No.: 21034026

ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO.  VAYA EN
PERSONA O LLAMEPOR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA
ESCRITA ABAJO PARA AVERIGUAR DONDE SE PURDE CONSEQUIR.

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**
**TTY (215) 451-6197**

Case ID: 210202470
Restricted Information

Case ID: 210202470
Control No.: 21034026

de LUCA LEVINE LLC
BY:  JOSEPH L. MCGLYNN
IDENTIFICATION NO.: 201181
THREE VALLEY SQUARE, SUITE 220
BLUE BELL, PA 19422
(215) 383-0081

ATTORNEYS FOR PLAINTIFF(S)

ASHLEY and BRANDON LACOMBE
2616 5th Avenue
Altoona, PA 16602

           Plaintiff(s)

    v.

TV DIRECT LLC
385 5th Avenue
Suite 809
New York, NY 10016

And

GABRIEL BROTHERS
516 W. Plank Road
Altoona, PA 16602

         Defendant(s)

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PA

CIVIL ACTION NO:

## COMPLAINT

Plaintiffs, Ashley and Brandon Lacombe, by and through undersigned counsel, de Luca Levine, LLC, hereby demands judgment against Defendants, and complains against them as follows:

## PARTIES

1.    Plaintiffs, Ashley and Brandon Lacombe, (hereinafter "Plaintiffs"), are adult individuals, and owners of the property at 2616 5th Avenue, Altoona, PA 16602 (hereinafter the "subject property").

Case ID: 210202470
Restricted Information

Case ID: 210202470
Control No.: 21034026

2.      At all times relevant hereto, Defendant, TV Direct LLC (hereinafter "TV Direct") was, upon information and belief, a New York corporation with its primary place of business at the above-captioned address, and was registered and authorized to do business within the Commonwealth of Pennsylvania.  Upon information and belief, TV Direct is in the business of designing, assembling, manufacturing, selling, distributing and/or marketing appliances such as the air fryer (hereinafter "subject air fryer") at issue in this loss.  Upon further information and belief, Defendant, TV Direct undertakes a significant amount of selling, distributing and/or marketing of products such as, *inter alia*, the above-mentioned air fryer within Philadelphia County.

3.      At all times relevant hereto, Defendant, Gabriel Brothers, (hereinafter "Gabriel Brothers ") was, upon information and belief, a Pennsylvania corporation with its principal place of business located at the above-captioned address, and was authorized to do business within the Commonwealth of Pennsylvania.  Upon information and belief, Gabriel Brothers was in the business of designing, assembling, manufacturing, selling, distributing and/or marketing appliances such as the air fryer (hereinafter "subject air fryer") at issue in this loss.

4.      Plaintiff is relying upon the provisions of Pa.R.C.P. 2002(d) for the within action.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over each of the Defendants because each Defendant either has its principal place of business in Pennsylvania, is incorporated in Pennsylvania, or is registered to do business in Pennsylvania, has consented to jurisdiction in Pennsylvania and/or does sufficient business in, or has sufficient minimum

contacts with, or otherwise intentionally avails itself of the markets of the Commonwealth of Pennsylvania through its business operations in Pennsylvania.

6.    Venue is properly laid in Philadelphia County pursuant to Pennsylvania Rules of Civil Procedure 1006 and 2179, including because one or more of the Defendants regularly conducts business in Philadelphia and/or may be served there.

## STATEMENT OF FACTS

7.    Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

8.    Prior to April 3, 2019, Plaintiffs were given an air fryer as a gift for use at the subject property.

9.    On or about April 3, 2019, the Plaintiffs used the air fryer.  Shortly thereafter, the subject air fryer failed, resulting in a fire that caused substantial damage at the subject property.

10.    A subsequent investigation conducted after the loss determined the aforesaid damage was caused directly and proximately by a failure of the air fryer resulting in the subject fire.

11.    It was determined that the subject air fryer was dangerous and defective when sold to the Plaintiffs.

12.    Upon information and belief, the air fryer was sold by Defendant Gabriel Brothers and released into the stream of commerce at that time.  Previously, Defendant Gabriel Brothers received the product from Defendant TV Direct.

13.    This air fryer should never have been available for purchase on the open market.

14.     As a direct and proximate result of the aforementioned defects, Plaintiffs sustained the damages described herein in an amount in excess of $271,152.49.

## COUNT I – PLAINTIFFS v. TV DIRECT LLC
## STRICT LIABILITY

15.     Plaintiffs incorporate herein by reference the above paragraphs as though same were fully set forth at length.

16.     TV Direct is engaged, and at all times relevant hereto was engaged, in the business of marketing, distributing, delivering, assembling and/or selling, *inter alia*, air fryers.

17.     TV Direct marketed, distributed, delivered, assembled and/or sold the subject air fryer in a defective condition, unreasonably dangerous to foreseeable users and property owners, including the Lacombes.

18.     TV Direct knew or should have known that the subject air fryer would reach the Lacombes' property without substantial change from the condition in which it was sold.

19.     The subject air fryer did reach the Lacombes' property without substantial change from the condition in which sold.

20.     Ultimately, the air fryer, tested, manufactured, inspected, distributed, supplied, marketed and sold by TV Direct was defective in design and/or manufacture in that, when the product left the hands of the designers, manufacturers, distributors and/or suppliers, it was unreasonably dangerous, more dangerous than a homeowner would expect.

21.     Plaintiffs utilized the subject air fryer for the purposes and manner normally intended.

22.     The fire and damage to the subject property was caused by and/or resulted from the acts and/or omissions of TV Direct, for which TV Direct is liable to Plaintiffs based upon the theory of strict liability for the following reasons:

a.      failing to design or manufacture the air fryer so that it would not fail and/or malfunction in the manner that it did;

b.      placing into the stream of commerce a product which was not safe or fit for its intended use;

c.      failing to properly identify the hazards associated with air fryers and properly safeguard against same prior to placing air fryers into the steam of commerce;

d.      failing to discover the defective and/or unreasonably dangerous condition of the air fryer;

e.      failing to properly test the design of the air fryer;

f.      designing, manufacturing, distributing and/or placing into the stream of commerce an unreasonably dangerous product that poses an unreasonable risk of fire;

g.      failing to provide proper and adequate warnings regarding the hazards associated with the foreseeable and ordinary use of the air fryer;

h.      failing to design the air fryer so that foreseeable failures of the air fryer and its components would not present a fire hazard;

i.      failing to provide adequate and sufficient warnings and instructions with respect to the air fryer which rendered it defective and unreasonably dangerous; and

j.      the subject air fryer is an unreasonably dangerous product, one that is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community of its characteristics.

23.     For these reasons, TV Direct is strictly liable to Plaintiffs for its damages under applicable law.

24.     As a direct and proximate result of the aforementioned defects, the Lacombes sustained damages to their real and personal property and additional expenses.

**WHEREFORE,** Plaintiffs demand judgment in its favor and against TV Direct – jointly, severally, and/or in the alternative with the other Defendants in this action – in an amount of $271,152.49, plus interest, costs of suit, reasonable attorney fees, delay damages and such other relief as the Court deems appropriate under the circumstances.

## COUNT II – PLAINTIFF v. TV DIRECT LLC
### NEGLIGENCE

25.    Plaintiffs incorporate herein by reference the above paragraphs as though same were fully set forth at length.

26.    TV Direct owed a duty of reasonable care to Plaintiffs in regard to the design, manufacture, formulating, testing, inspection, marketing, distribution and sale of air fryers, and breached said duty.

27.    The aforementioned damages were the direct and proximate result of the negligence and carelessness of TV Direct – by and through its employees, agents, technicians, vendors, subcontractors, and/or servants – as is more specifically described below:

    a.    failing to exercise reasonable care in the following manner:

        i.    failing to manufacture, assemble, sell, design, transport, distribute and/or market a properly functioning product;

        ii.    failing to properly inspect, test and/or requalify the product and/or its component parts;

        iii.    failing to properly determine that the product and/or its component parts were not in compliance with applicable standards;

        iv.    failing to provide safe and adequate warnings or instructions with the product; and/or

        v.    designing, manufacturing, marketing, distributing and/or selling the product when TV Direct knew or should have

known that the product and/or its component parts would be inadequate for the reasons for which it was purchased.

b.    failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

c.    failing to adequately warn Plaintiffs and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

d.    failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e.    failing to properly monitor the work of all agents and/or employees during the performance of the tasks set forth in subparagraph (a) above to ensure compliance with applicable safety procedures;

f.    failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above;

g.    failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

h.    violating the standards of care and customs applicable to this product.

28.    As a direct and proximate result of the aforementioned defects, the Lacombes sustained damages to their real and personal property and additional expenses.

**WHEREFORE**, Plaintiffs demand judgment in its favor and against TV Direct – jointly, severally, and/or in the alternative with the other Defendants in this action – in an amount of $271,152.49, plus interest, costs of suit, reasonable attorney fees, delay damages and such other relief as the Court deems appropriate under the circumstances.

### COUNT III – PLAINTIFF v. TV DIRECT LLC
### BREACH of WARRANTIES

Case ID: 210202470
Restricted Information

Case ID: 210202470
Control No.: 21034026

29.   Plaintiffs incorporate herein by reference the above paragraphs as though same were fully set forth at length.

30.   At the time of the sale and/or distribution of the product, TV Direct had reason to know the particular purpose to which the subject air fryer would be used (i.e. residential application) and that it was being relied upon to furnish a suitable product.

31.   In light of the negligence, breaches, failures and harms alleged herein, TV Direct breached the implied warranty of fitness for a particular purpose in that the product was not fit for the particular purpose for which such products are required under normal operation.

32.   In addition, TV Direct breached its implied warranty of merchantability in that the product was not fit for the ordinary uses for which the product was used.

33.   In addition, TV Direct breached any and all express warranties made or relating to the product that became part of the basis of the bargain for sale of the product.

34.   TV Direct has better access to all written forms of said warranties and therefore is not prejudiced by Plaintiffs' inability to attach them hereto.

35.   The Lacombe's damages as set forth above occurred as a direct and proximate result of the breach by TV Direct of its implied and express warranties.

36.   Plaintiffs have met any and all conditions precedent to recovery for such breaches.

37.   As a direct and proximate result of the aforementioned defects, the Lacombes sustained damages to their real and personal property and additional expenses.

**WHEREFORE,** Plaintiffs demand judgment in its favor and against TV Direct – jointly, severally, and/or in the alternative with the other Defendants in this action – in an

Case ID: 210202470
Restricted Information

Case ID: 210202470
Control No.: 21034026

amount of $271,152.49, plus interest, costs of suit, reasonable attorney fees, delay damages and such other relief as the Court deems appropriate under the circumstances.

## COUNT IV – PLAINTIFFS v. GABRIEL BROTHERS
## STRICT LIABILITY

38.    Plaintiffs incorporate herein by reference the above paragraphs as though same were fully set forth at length.

39.    Gabriel Brothers is engaged, and at all times relevant hereto was engaged, in the business of marketing, distributing, delivering, assembling and/or selling, *inter alia*, air fryers.

40.    Gabriel Brothers marketed, distributed, delivered, assembled and/or sold the subject air fryer in a defective condition, unreasonably dangerous to foreseeable users and property owners, including the Lacombes.

41.    Gabriel Brothers knew or should have known that the subject air fryer would reach the Lacombes' property without substantial change from the condition in which it was sold.

42.    The subject air fryer did reach the Lacombes' property without substantial change from the condition in which sold.

43.    Ultimately, the air fryer, tested, manufactured, inspected, distributed, supplied, marketed and sold by Gabriel Brothers was defective in design and/or manufacture in that, when the product left the hands of the designers, manufacturers, distributors and/or suppliers, it was unreasonably dangerous, more dangerous than a homeowner would expect.

44.    Plaintiffs utilized the subject air fryer for the purposes and manner normally intended.

Case ID: 210202470
Restricted Information

Case ID: 210202470
Control No.: 21034026

45.     The fire and damage to the subject property was caused by and/or resulted from the acts and/or omissions of Gabriel Brothers, for which Gabriel Brothers is liable to Plaintiffs based upon the theory of strict liability for the following reasons:

   a.   failing to design or manufacture the air fryer so that it would not fail and/or malfunction in the manner that it did;

   b.   placing into the stream of commerce a product which was not safe or fit for its intended use;

   c.   failing to properly identify the hazards associated with air fryers and properly safeguard against same prior to placing air fryers into the steam of commerce;

   d.   failing to discover the defective and/or unreasonably dangerous condition of the air fryer;

   e.   failing to properly test the design of the air fryer;

   f.   designing, manufacturing, distributing and/or placing into the stream of commerce an unreasonably dangerous product that poses an unreasonable risk of fire;

   g.   failing to provide proper and adequate warnings regarding the hazards associated with the foreseeable and ordinary use of the air fryer;

   h.   failing to design the air fryer so that foreseeable failures of the air fryer and its components would not present a fire hazard;

   i.   failing to provide adequate and sufficient warnings and instructions with respect to the air fryer which rendered it defective and unreasonably dangerous; and

   j.   the subject air fryer is an unreasonably dangerous product, one that is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community of its characteristics.

46.     For these reasons, Gabriel Brothers is strictly liable to Plaintiffs for its damages under applicable law.

47.     As a direct and proximate result of the aforementioned defects, the Lacombes sustained damages to their real and personal property and additional expenses.

Case ID: 210202470
Restricted Information

Case ID: 210202470
Control No.: 21034026

**WHEREFORE,** Plaintiffs demand judgment in its favor and against Gabriel Brothers – jointly, severally, and/or in the alternative with the other Defendants in this action – in an amount of $271,152.49, plus interest, costs of suit, reasonable attorney fees, delay damages and such other relief as the Court deems appropriate under the circumstances.

### COUNT V – PLAINTIFF v. GABRIEL BROTHERS
### NEGLIGENCE

48.    Plaintiffs incorporate herein by reference the above paragraphs as though same were fully set forth at length.

49.    Gabriel Brothers owed a duty of reasonable care to Plaintiffs in regard to the design, manufacture, formulating, testing, inspection, marketing, distribution and sale of air fryers, and breached said duty.

50.    The aforementioned damages were the direct and proximate result of the negligence and carelessness of Gabriel Brothers – by and through its employees, agents, technicians, vendors, subcontractors, and/or servants – as is more specifically described below:

a.    failing to exercise reasonable care in the following manner:

i.    failing to manufacture, assemble, sell, design, transport, distribute and/or market a properly functioning product;

ii.    failing to properly inspect, test and/or requalify the product and/or its component parts;

iii.    failing to properly determine that the product and/or its component parts were not in compliance with applicable standards;

iv.    failing to provide safe and adequate warnings or instructions with the product; and/or

Case ID: 210202470
Restricted Information

Case ID: 210202470
Control No.: 21034026

v.   designing, manufacturing, marketing, distributing and/or selling the product when Gabriel Brothers knew or should have known that the product and/or its component parts would be inadequate for the reasons for which it was purchased.

b.   failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

c.   failing to adequately warn Plaintiffs and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

d.   failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e.   failing to properly monitor the work of all agents and/or employees during the performance of the tasks set forth in subparagraph (a) above to ensure compliance with applicable safety procedures;

f.   failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above;

g.   failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

h.   violating the standards of care and customs applicable to this product.

51.   As a direct and proximate result of the aforementioned defects, the Lacombes sustained damages to their real and personal property and additional expenses.

**WHEREFORE,** Plaintiffs demand judgment in its favor and against Gabriel Brothers – jointly, severally, and/or in the alternative with the other Defendants in this action -- in an amount of $271,152.49, plus interest, costs of suit, reasonable attorney fees, delay damages and such other relief as the Court deems appropriate under the circumstances.

## COUNT VI – PLAINTIFF v. GABRIEL BROTHERS
## BREACH of WARRANTIES

52.     Plaintiffs incorporate herein by reference the above paragraphs as though same were fully set forth at length.

53.     At the time of the sale and/or distribution of the product, Gabriel Brothers had reason to know the particular purpose to which the subject air fryer would be used (i.e. residential application) and that it was being relied upon to furnish a suitable product.

54.     In light of the negligence, breaches, failures and harms alleged herein, Gabriel Brothers breached the implied warranty of fitness for a particular purpose in that the product was not fit for the particular purpose for which such products are required under normal operation.

55.     In addition, Gabriel Brothers breached its implied warranty of merchantability in that the product was not fit for the ordinary uses for which the product was used.

56.     In addition, Gabriel Brothers breached any and all express warranties made or relating to the product that became part of the basis of the bargain for sale of the product.

57.     Gabriel Brothers has better access to all written forms of said warranties and therefore is not prejudiced by Plaintiffs' inability to attach them hereto.

58.     The Lacombe's damages as set forth above occurred as a direct and proximate result of the breach by Gabriel Brothers of its implied and express warranties.

59.     Plaintiffs have met any and all conditions precedent to recovery for such breaches.

60.    As a direct and proximate result of the aforementioned defects, the Lacombes sustained damages to their real and personal property and additional expenses.

**WHEREFORE,** Plaintiffs demand judgment in its favor and against Gabriel Brothers – jointly, severally, and/or in the alternative with the other Defendants in this action – in an amount of $271,152.49, plus interest, costs of suit, reasonable attorney fees, delay damages and such other relief as the Court deems appropriate under the circumstances.


**de LUCA LEVINE LLC**


BY:    */s/Joseph L. McGlynn*
       Joseph L. McGlynn, Esquire
       PA Atty. I.D. No. 201181
       jmclynn@delucalevine.com
       Three Valley Square, Suite 220
       Blue Bell, PA 19422
       (215) 383-0081 / (215) 383-0082 (fax)
       ATTORNEYS FOR PLAINTIFF


**Dated:** February 15, 2021

## VERIFICATION

I, Jeanette Burns, under the penalties of perjury, state that I am a representative of Allstate Vehicle and Property Insurance Company; that I am authorized to make this verification on behalf of Allstate, that I have read the Complaint; that I do not have, and am informed that no single officer or agent of Allstate has personal knowledge of all matters set forth in the Complaint; that the Complaint was prepared by counsel from information provided by myself and certain employees from Allstate who were designated to assemble such material and are based on their personal knowledge or that of other persons who were consulted and on examination of records maintained by Allstate during the regular course of business; and that upon information and belief the Complaint is true and correct to the best of my knowledge after due inquiry.

*Jeanette Burns*

Signed under penalty of perjury this   25th   day of     February, 2021.

Case ID: 210202470
Restricted Information

Case ID: 210202470
Control No.: 21034026

# EXHIBIT "B"

Case ID: 210202470
Control No.: 21034026

| ASHLEY and BRANDON LACOMBE | : | |
| | : | |
| Plaintiffs, | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| vs. | : | |
| | : | FEBRUARY TERM, 2021 |
| TV DIRECT LLC; and, | : | |
| | : | NO. 02470 |
| GABRIEL BROTHERS | : | |
| | : | |
| Defendants. | : | |

## AFFIDAVIT

I, Ryan N. Armstrong, Esq., hereby state that the following is true and correct to the best of my knowledge, information and belief; and I understand that the statements herein are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsifications to authorities:

1.      I am Corporate Counsel for Risk & Liability at Gabriel Brothers, Inc. d/b/a GABE'S (improperly designated in Plaintiff's Complaint as "Gabriel Brothers").

2.      The facts set forth in this Affidavit are known to me.

3.      Gabriel Brothers, Inc. d/b/a GABE'S is a privately held retailer headquartered in Morgantown, West Virginia.

4.      Gabriel Brothers, Inc. d/b/a GABE'S does not manufacture or build its own products.

5.      Gabriel Brothers, Inc. d/b/a GABE'S principal place of business is located at 55 Scott Avenue, Morgantown, WV 26508.

6.      Gabriel Brothers, Inc. d/b/a GABE'S has 113 retail store locations, none of which are located within Philadelphia, Pennsylvania.

7.     Gabriel Brothers, Inc. d/b/a GABE'S has not owned any real property located in Philadelphia, Pennsylvania during the five year time period preceding the date of this Affidavit through the present.

8.     Gabriel Brothers, Inc. d/b/a GABE'S has not rented, leased or otherwise occupied real property in Philadelphia, Pennsylvania during the five year time period preceding the date of this Affidavit through the present.

9.     During the five year time period preceding the date of this Affidavit through the present, Gabriel Brothers, Inc. d/b/a GABE'S has not maintained a telephone number, drop box nor mailing address in Philadelphia County.

10.    During the five year time period preceding the date of this Affidavit through the present, Gabriel Brothers, Inc. d/b/a GABE'S made no in-store sales in Philadelphia County.

11.    During the five year time period preceding the date of this Affidavit through the present, employees of Gabriel Brothers, Inc. d/b/a GABE'S did not travel into Philadelphia County for purposes of selling or providing products or services to customer(s) domiciled in Philadelphia County.

12.    Gabriel Brothers, Inc. d/b/a GABE'S has not "regularly conducted business" in Philadelphia County during the five year time period preceding the date of this Affidavit through the present.

Date: ___3/25/21___          _____
                             RYAN N. ARMSTRONG, ESQ.